**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA :
                                         :
V.                                       :        **CRIMINAL NUMBER: 2:11cr24**
                                         :
ROBERT MURRAY                  :


**DEFENDANT'S MOTION FOR SEVERANCE OF COUNTS**
**WITH MEMORANDUM OF LAW**

          **COMES NOW**, the Defendant, Robert Murray, by counsel, and respectfully moves this

Honorable Court, to consider the charges as follows:

**The Charges**

Defendant is before the Court having been indicted for counts 1, 2, 3, 4 which deal with

incidents that allegedly occurred on November 10, 2010 and relate to conspiracy with intent to

distribute marijuana, maintaining a drug induced premises and possession of a firearm during a

drug trafficking crime.

Counts 5, 6, 7, 8, 9 and 11 deal with an incident that allegedly occurred at different times

and relate to fraudulent activities that are not related to the drug related activities set forth in

counts 1, 2, 3, and 4.

**Law and Argument**

Rule 8 of the Federal Rules of Criminal procedure provides that two or more offenses

may be charged in the same indictment only if they "are of the same and similar character or are

based on the same act or transaction or on two or more acts or transactions connected together or

constituting parts of a common scheme or plan." Fed. R. Crim. P.8(a).  "Misjoinder under Rule 8

is prejudicial per se and if the limits of the rule are exceeded, severance is mandatory. *United States v. Kabbaby*, 672 F.2d 857, 860 (11th Cir. 1982).

The determination of the legal question of whether or not joinder is proper under Rule 8(a)'s requirement of the "same series of acts or transactions" must be based on a finding that there is substantial identity of facts and participants between the events charged. Under this standard, joinder of two sets of counts is not proper. The counts in this case relate to completely separate allegations.

Even if the Court were to find that joinder of the counts is not prejudicial per se under Rule 8(a), the prejudicial effect of joining the counts requires severance. Under Federal Rule of Criminal Procedure 14, "If the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts. . . . '' The primary concern of the court is whether the jury will be able to segregate the evidence applicable to each count, *United States v. Vaccaro,* 816 F.2d 443, 448-49 (9th Cir. 1987). Defendants requesting severance carry the burden "to show that joinder was so manifestly prejudicial that it outweighed the dormant concern with judicial economy. *United States c. Armstrong,* 621 F.2d 951, 954 (9th Cir. 1980).

This is one of the cases where severance is mandated because of the prejudicial effect that joinder would have. It has been recognized that "[t]here is a 'high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissable.''' *United States v. Lewis,* 787 F2d 1318, 1321 (9th Cir. 1986)(quoting *United States c. Daniels,* 770 F.2d 1111(D.C. Cir. 1985). That is so because the use of other crimes evidence pursuant to Rule 404(b) is discouraged.

"Our reluctance to sanction the use of evidence of other crimes stems from the underlying

premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not showing that the defendant has engaged in other acts of wrongdoing." *Lewis*, 787 F.2d at 1321.

In this case, due to multiple unrelated charges, the Defendant will suffer substantial unfair prejudice if the counts are not severed. The substantial prejudice to the Defendant arises from the strong likelihood that the jury will use evidence of one set of counts to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crimes charged. Moreover, the jury will cumulate the evidence of the unrelated counts and find guilt when, if considered separately, it would not do so. *See, e.g. Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir 1964) and *United States v. Lewis,* 626 F.2d 940, 945 (D.C. Cir. 1980). Defendant submits that a jury instruction to consider the offenses separately would not adequately ensure that he receives a fair trial if the offenses are not severed. Thus, separate trial is called for in this case.

For the reasons advanced above, Defendant moves for the severance of counts in this matter.

**Respectfully submitted,**

_____/s/_____
**William L. Taliaferro, Jr.**
**Attorney for the Defendant**
**State Bar Number: 12835**
**Rabinowitz, Swartz, Taliaferro, Swartz**
**and Goodove, P.C.**
**150 Boush Street, Suite 800**
**Monarch Bank Building**
**Norfolk, Virginia 23510**
**Telephone Number: (757)622-3931**
**Facsimile Number: (757) 626-1003**
**Email Address: pwall@rstsg.com**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send a notification of such filing (NEF to :

Kevin M. Comstock
Assistant United States Attorney
State Bar Number: 39460
Attorney For The United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone Number: (757) 441-3346
Facsimile Number: (757) 441-3205
Email Address: kevin.comstock@usdoj.gov

/s/

**William L. Taliaferro, Jr.**
**Attorney for the Defendant**
**State Bar Number: 12835**
**Rabinowitz, Swartz, Taliaferro, Swartz**
**and Goodove, P.C.**
**150 Boush Street, Suite 800**
**Monarch Bank Building**
**Norfolk, Virginia 23510**
**Telephone Number: (757)622-3931**
**Facsimile Number: (757) 626-1003**
**Email Address: pwall@rstsg.com**