FILED
IN OPEN COURT

JUL 26 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA      )
                                     )
        v.                      )    CRIMINAL NO. 2:11cr24
                                       )
ROBERT MURRAY,                 )
                                       )
        Defendant.            )

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Kevin M.

Comstock and V. Kathleen Dougherty, Assistant United States Attorneys, the defendant, ROBERT

MURRAY, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the

Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1.**      **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts Two, Four, Eight, Nine, and Eleven of the

Superseding Indictment.

**a.**      **Drug Trafficking Offenses**

Count Two charges Possession With Intent to Manufacture and Distribute less than 50

kilograms of Marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States

Code, Sections 841(a)(1) and (b)(1)(D). The maximum penalties for this offense is a maximum term

of five (5) years imprisonment, a fine of $250,000.00, a special assessment, and at least two (2) years

supervised release. Count Four charges Possession of a Firearm In Furtherance of, and Carrying a

Firearm During and In Relation to, a Drug Trafficking Crime, in violation of Title 18, United States

Code, Sections 924(c)(1)(A) and (i).  The maximum penalties for this offense is a mandatory

1

minimum term of no less than five (5) years imprisonment, a maximum of life imprisonment, a fine of $250,000.00, a special assessment, and no more than five (5) years supervised release. The sentence imposed on Count Four shall run in addition to, or consecutive to, the sentence imposed on Count Two.

### b.    Voting and Citizenship Offenses

Count Eight charges Falsely Registering to Vote in violation of Title 18, United States Code, Section 1015(f). The maximum penalties for this offense is a maximum sentence of five (5) years imprisonment, a fine of $250,000.00, a special assessment, and no more than three (3) years supervised release. Count Nine charges Falsely Voting as an Alien in violation of Title 18, United States Code, Section 611. The maximum penalties for this offense is a maximum sentence of one (1) year, a fine of $100,000.00, a special assessment, and no more than one (1) year supervised release. Count Eleven charges Falsely claiming U.S. Citizenship, in violation of Title 18, United States Code, Section 911. The maximum penalties for this offense is a maximum sentence of three (3) years imprisonment, a fine of $250,000.00, a special assessment, and no more than one (1) year supervised release.

### c.    Supervised Release for Offenses

The defendant understands that the supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense.

2

The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following: a) the right to plead not guilty and to persist in that plea; b) the right to a jury trial; c) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and d) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

3

U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

### 5. Waiver of Appeal

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also waives the right to challenge the conviction, sentence, or the manner in which the conviction or sentence were determined, in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255.

### 6. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction for Counts Two, Four, Eight and Eleven. The defendant agrees to pay a mandatory special assessment of fifty dollars ($50.00) per count of conviction for Count Nine. The total special assessment in this case shall be $450.00 for the counts

4

of conviction.

### 7.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613.

### 8.    Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the indictment or statement of facts. "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

### 9.    Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant at sentencing.

### 10.    Forfeiture Agreement

The defendant agrees to forfeit all interests in any drug related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense. The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees

to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government, either state or federal.

## 11.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.

## 12.    Potential Impact of Guilty Plea on Immigration Status

The defendant recognizes that by pleading guilty, such a plea and conviction shall have consequences with respect to the defendant's immigration status as the defendant is not a citizen of

6

the United States. Under federal law, a broad range of felony drug trafficking and firearm crimes as well as other felony crimes, are removable offenses. Removal and other immigration consequences are the subjects of separate proceedings, and as such, the defendant acknowledges that no one, including defendant's attorney, the United States, or the District Court, can determine or predict the actual consequences of the defendant's conviction on the defendant's immigration status. The United States or his counsel makes no prediction, promise or representation concerning the immigration status of the defendant, and the defendant cannot withdraw the guilty plea based upon the actual or eventual consequences of the plea or guilty and conviction to the defendant's immigration status.

13.     **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then: a) the United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement; b) The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed; and, c) any prosecution, including the prosecution that is the subject of this agreement, may be premised

7

upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law. Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 14.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: _____
Kevin M. Comstock
Assistant United States Attorney

By: _____
V. Kathleen Dougherty
Assistant United States Attorney

8

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 7-26-11    _____
                 Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7-26-11    _____
                 Counsel for the Defendant

9