AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

FILED

NOV 1 5 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

ROBERT MURRAY

Defendant.

Case Number:   2:11CR00024

USM Number:   77917-083

Defendant's Attorney:   William Taliaferro, Jr. Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 2, 4, 8, 9 and 11 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses:

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 21 U.S.C. § 841(a)(1)and(b)(1)(D) and 18 U.S.C. § 2 | Manufacture, Distribute and Possession with Intent to Manufacture and Distribute Controlled Substances | Felony | Nov. 22, 2010 | 2 |
| T. 18 U.S.C § 924(c)(1)(A),(i) and 2 | Possession of a Firearm In Furtherance of, and Using and Carrying a Firearm during and in relation to, one or more Drug Trafficking Crimes | Felony | Nov. 22, 2010 | 4 |

Counts continued on page 2

On motion of the United States, the Court dismissed the remaining counts in the superseding indictment.

As pronounced on November 14, 2011, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _15th_ day of November_, 2011.

/s/

Robert G. Doumar
Senior United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

**Case Number:**     2:11CR00024
**Defendant's Name:**    MURRAY, ROBERT

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18 U.S.C. § 1015(f) | Falsely Registering to Vote | Felony | Oct. 6, 2008 | 8 |
| T. 18 U.S.C. § 611 | Falsely Voting as An Alien | Misdemeanor | Nov. 4, 2008 | 9 |
| T. 18 U.S.C. § 911 | Falsely Claiming U.S. Citizenship | Felony | Nov. 5, 2008 | 11 |

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Case Number:        2:11CR00024
Defendant's Name:   MURRAY, ROBERT

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **NINTY-SIX (96) MONTHS.**

This term of imprisonment consists of a term of THIRTY-SIX (36) MONTHS on Counts 2, 8, and 11, a term of TWELVE (12) MONTHS on Count 9, all to be served concurrently, and a term of SIXTY (60) MONTHS on Count 4, to be served consecutively.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By      _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

Case Number:      2:11CR00024
Defendant's Name:  MURRAY, ROBERT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

This term consists of a term of FIVE (5) YEARS on Count 4, a term if THREE (3) YEARS on Counts 2 and 8, and a term of ONE (1) YEAR on Counts 9 and 11, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

Case Number:        2:11CR00024
Defendant's Name:   MURRAY, ROBERT

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) If not deported, the defendant shall pay for the support of his children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court, from time to time, based on defendant's financial circumstances, as may be recommended by the probation officer.

2) If not deported, the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as may be directed by the probation officer.

3) As a condition of supervised release, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security United States Immigration and Customs Enforcement for a deportation review in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. Section 1101, et seq.

4) As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
    Sheet 6 – Schedule of Payments

Case Number:          2:11CR00024
Defendant's Name:     MURRAY, ROBERT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 2 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 8 | $100.00 | $0.00 | $0.00 |
| 9 | $25.00 | $0.00 | $0.00 |
| 11 | $100.00 | $0.00 | $0.00 |
| TOTALS: | $425.00 | $0.00 | $0.00 |

# FINES

No fines have been imposed in this case.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Case Number:          2:11CR00024
Defendant's Name:     MURRAY, ROBERT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment is due and payable immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Any special assessment may be subject to penalties for default and delinquency.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including the special assessment, shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Reasonability Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.