IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

- - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )          CRIMINAL CASE NO.
v.                                 )             2:11cr00024
                                   )
ROBERT MURRAY,                     )
                                   )
          Defendant.               )
- - - - - - - - - - - - - - - - - - - -

TRANSCRIPT OF PROCEEDINGS
**(Guilty Plea)**

Norfolk, Virginia

July 26, 2011

BEFORE:    THE HONORABLE ROBERT G. DOUMAR,
           United States District Judge

APPEARANCES:

           UNITED STATES ATTORNEY'S OFFICE
           By:  Kevin M. Comstock, Esquire
                V. Kathleen Dougherty, Esquire
                Assistant United States Attorneys
                Counsel for the United States

           SWARTZ, TALIAFERRO, SWARTZ & GOODOVE, P.C.
           By:  W. L. Taliaferro, Jr., Esquire
                Franklin A. Swartz, Esquire
                Counsel for the Defendant

(The hearing commenced at 10:10 a.m.)

THE CLERK:  Criminal Case No. 2:11cr24, the United States of America v. Robert Murray.

Mr. Comstock, Ms. Dougherty, are you ready to proceed?

MS. DOUGHERTY:  The United States is ready.  Good morning, Your Honor.

THE COURT:  Good morning.

THE CLERK:  Mr. Taliaferro, Mr. Swartz, are you ready to proceed?

MR. TALIAFERRO:  Yes, sir, Your Honor, we're ready.

THE COURT:  Well, Mr. Taliaferro, I'm glad you brought your lawyer with you.

MR. TALIAFERRO:  Thank you.

THE COURT:  Now, it's my understanding that you-all have entered into a plea agreement.

Is that correct, Mr. Taliaferro?

MR. TALIAFERRO:  Yes, sir, we have.

THE COURT:  And is that your understanding, Ms. Dougherty?

MS. DOUGHERTY:  It is, Your Honor, yes.

THE COURT:  All right.  Mr. Murray, if you will come forward, please, sir.

Mr. Murray, before accepting your plea in this matter I want to inform you of your rights.  I want to be

satisfied that you understand them and that you're entering these pleas freely and voluntarily, with a full understanding of what your rights are.  You're to be sworn to answer questions which I propose to put to you in order to be certain that you know what your rights are and that you're indeed guilty of the offenses to which you are pleading guilty.  I intend to question you under oath, on the record, in the presence of your lawyer about the offense to which you are pleading as well as other matters, and your answers, if untrue and material to these proceedings, may later be used against you in a prosecution for perjury or false statement, if they're untrue.

Do you understand that the Court may question you along these lines?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you further understand that the answers, if they're untrue, may be used in a prosecution for perjury or false statement?

THE DEFENDANT:  Yes, sir.

THE COURT:  Would you please swear Mr. Murray.

(The defendant was sworn by the clerk.)

THE COURT:  Your correct name is Robert Murray, M-U-R-R-A-Y, and you are the person named in the pending criminal indictment, pending in the United States District Court for the Eastern District of Virginia, Norfolk Division,

Criminal Action No. 2:11cr24.  Is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  And you're over the age of 21?

THE DEFENDANT:  Yes, sir.

THE COURT:  And how far did you go in school, Mr. Murray?

THE DEFENDANT:  12th grade.

THE COURT:  So you're able to read, write and speak the English language, and you understand what I'm saying to you now?

THE DEFENDANT:  Yes, sir.

THE COURT:  As you stand there are you under the influence of any drugs, narcotic, marijuana or alcohol?

THE DEFENDANT:  No, sir.

THE COURT:  Are you?

THE DEFENDANT:  No, sir.

THE COURT:  Have you ever been treated for any mental illness or addiction to narcotic drugs of any kind?

THE DEFENDANT:  No, sir.

THE COURT:  Now, you've received a copy of the indictment pending against you; that is, the written charges made against you in this case.  Have you fully discussed those charges and the case in general with your attorney, Mr. Taliaferro?

THE DEFENDANT:  Yes, sir.

THE COURT:  You're charged with eleven counts in this indictment.  You've agreed to plead guilty to Counts Two, Four, Eight, Nine and Eleven.

Count Two charges you with possession with the intent to manufacture and distribute less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

Count Four charges you with possession of a firearm in furtherance of and carrying a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) and (i).

Count Eight charges you with falsely registering to vote, in violation of Title 18, United States Code, Section 1015(f).

Count Nine charges you with falsely voting as an alien, in violation of Title 18, United States Code, Section 611.

Count Eleven charges you with falsely claiming U.S. citizenship, in violation of Title 18, United States Code, Section 911.

In order to convict you of the offense charged in Count Two -- that is, manufacture and distribute less than 50 kilograms of marijuana -- the government would have to prove the following essential elements of the offense beyond

a reasonable doubt:

     1.  That in the Eastern District of Virginia;

     2.  On or about November 22, 2010, you did knowingly, intentionally and unlawfully manufacture, distribute, and/or possess with the intent to manufacture and distribute;

     3.  A mixture and substance containing less than 50 pounds of marijuana, a Schedule I controlled substance.

     The penalty provided by law for violating this Count Two is a maximum term of five years imprisonment, a fine of a maximum amount of $250,000, a special assessment and at least two years of supervised release.

     In order to convict you of the offense charged in Count Four -- that is, possession of a firearm in furtherance of and during and in relation to a drug trafficking crime -- in order to convict you of that offense the government would have to prove the following essential elements of that offense beyond a reasonable doubt:

     1.  That in the Eastern District of Virginia;

     2.  On or about November 22, 2010, you did knowingly, intentionally, and unlawfully possess a firearm in furtherance of and use and carry a firearm during and in relation to a drug trafficking crime for which you may be prosecuted in a court of the United States, including but not limited to the drug trafficking crime alleged in Count Two of

Heidi L. Jeffreys, Official Court Reporter

the indictment.

The penalty provided by law for violating this count is a minimum term of no less than five years imprisonment, a maximum term of life imprisonment, a fine not to exceed $250,000, a special assessment and no more than five years of supervised release.

The sentence imposed on Count Four shall run in addition to or consecutive to the sentence imposed on Count Two.

In order to convict you of the offense charged in Count Eight -- that is, with falsely registering to vote in violation of Title 18, United States Code, Section 1015(f) -- the government would have to prove the following essential elements of the offense beyond a reasonable doubt:

1. That in the Eastern District of Virginia;

2. On or about October 6, 2008, you did knowingly make any false statement and claim that you were a citizen of the United States;

3. For the purpose of registering to vote and to vote in any state, federal or local election.

The penalty provided by law for violating this count is a maximum sentence of five years imprisonment, a fine not to exceed $250,000, a special assessment of $100, and no more than three years of supervised release.

In order to convict you of the offense charged in

Count Nine the government would have to prove -- that is, Count Nine charges you with falsely voting as an alien, in violation of Title 18, United States Code, Section 611.  The government would have to prove the following essential elements of this offense beyond a reasonable doubt:

1.  That in the Eastern District of Virginia;

2.  On or about October 6, 2008, you did knowingly and intentionally vote unlawfully as an alien;

3.  In an election held solely and in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, and Member of the House of Representatives -- it would be for electing, a member elector, not the President -- electors for the President.

4.  By falsely registering to vote as a citizen of the United States;

5.  With the knowledge that you were not then a citizen of the United States.

The penalty provided by law for violating this count is a maximum sentence of one year, a fine not to exceed a hundred thousand dollars, a special assessment of $100, and no more than one year of supervised release.

In order to convict you of the offense charged in Count Eleven -- that is, with falsely claiming U.S. citizenship in violation of Title 18, United States Code,

Section 911 -- the government would have to prove the following essential elements of the offense beyond a reasonable doubt:

    1.  That in the Eastern District of Virginia;

    2.  That on November 2, 2008;

    3.  You did knowingly, falsely and willfully represent yourself to be a citizen of the United States;

    4.  When in truth and in fact you were not then a citizen of the United States.

The penalty provided by law for violating this count is a maximum sentence of three years, a fine not to exceed $250,000, a special assessment of $100, and no more than one year of supervised release.

Do you understand what the government would have to prove and the seriousness of the penalties provided by law for each of these offenses?  Do you?

THE DEFENDANT:  Yes, sir.

THE COURT:  In relation to the sentence that the Court may impose you may have heard of Advisory Sentencing Guidelines which relates to all of these sentences.  Pursuant to the United States Supreme Court's various decisions and Title 18, United States Code, Section 3553, the Court advises you that it will impose a sentence sufficient but no greater than necessary, one, to reflect the seriousness of your offense; two, to promote respect for the law; three, to

provide just punishment for your offense; four, to afford adequate deterrence to criminal conduct; five, to protect the public from further crimes you might commit; and, six, to provide you with needed educational or vocational training, medical care or other correctional treatment.

In determining the sentence to be imposed the Court will also consider the nature and circumstances of your offense, your history and characteristics, the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victim of your offense, if there were any.  Additionally, the Court must take the applicable guideline range, as determined by the United States Sentencing Guidelines, under advisement. In calculating the applicable guideline range the Court advises you that it may take into consideration all your activities in sentencing you, including activities for which you are not charged and activities for which charges or indictments have been or will be dismissed.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, the Court may require you to forfeit certain property to the government if it was obtained with the proceeds of this illegal activity or if it was used to commit this illegal activity.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  The offense to which you are pleading is a felony.  If your plea is accepted, you will be judged guilty of the offense, and such judgment may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Do you understand that you would lose these rights, and if you then became a citizen that the time -- if they forgive this or put a time limit on it in some states as to when your civil rights might be restored, the time would begin running from the date of this conviction, but otherwise you just can't -- you may have the -- you can't have a firearm, and you'll be denied the right to vote, the right to hold public office, the right to serve on a jury.

Do you understand all of that?

THE DEFENDANT:  Yes, sir.

THE COURT:  A guilty plea may also have other very serious added consequences, such as deportation, loss of privilege, loss of jobs or positions or licenses of any kind, impairment of reputation and disqualification for public and private benefits, may disqualify you from citizenship.

Are you aware that these collateral matters may affect you should you plead guilty to these charges?

THE DEFENDANT:  Yes, sir.

Heidi L. Jeffreys, Official Court Reporter

12

THE COURT:  Yes or no?

THE DEFENDANT:  Yes, sir.

THE COURT:  Additionally, do you understand that the cost of your prosecution and the cost of your incarceration, supervision or probation, if any, may also be assessed against you should I determine you have the funds and money with which to pay the same?  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that in addition to any fine, forfeiture, cost of prosecution, incarceration, supervision or probation you'll be required to pay a special assessment of $100 for each count -- and that is a total of $500 -- which is to apply to court costs, and this is required whether or not you have the funds or the money or the ability to pay it.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, there may be a period of supervised release in addition to any sentence imposed.  The period of time under these statutes that are involved would be five years.  Your failure to abide by the conditions of supervised release may subject you to an additional period of confinement not in excess of the total number of years of originally imposed supervised release.  Thus, if you were sentenced to jail for this crime or these crimes and you were sentenced to a period of supervised release of five years

after your jail term and after you had served it and you violated the terms and conditions of your supervised release, you could be sent back to jail for as long as five years -- not in excess of five years.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, have you read the plea agreement?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has your lawyer, Mr. Taliaferro, fully explained the plea agreement to you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Pierce, would you be so kind as to hand Mr. Murray this document.

Mr. Murray, the court security officer, Mr. Pierce, is handing you a document.  Could you tell me what that document that he just handed you is?

THE DEFENDANT:  The plea agreement.

THE COURT:  And did you sign that plea agreement?

THE DEFENDANT:  Yes, sir.

THE COURT:  And did you initial all the other pages?

THE DEFENDANT:  Yes, sir.

THE COURT:  And is this the plea agreement you went over with your counsel, Mr. Taliaferro?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Mr. Taliaferro -- would you

14

give it to Mr. Taliaferro.

Mr. Taliaferro, did you execute this plea agreement with your client and with the United States Attorney in this case?

THE WITNESS: Yes, sir, I did.

THE COURT: And did you execute and initial all the other pages?

MR. TALIAFERRO: I did, yes, sir.

THE COURT: Would you hand it to Ms. Dougherty.

I don't know which one of you signed it, Ms. Dougherty.

MS. DOUGHERTY: We both did, Your Honor.

THE COURT: Oh, you both signed it?

MS. DOUGHERTY: Yes, sir.

THE COURT: And did you execute this, Ms. Dougherty, on behalf of the United States Attorney in this case?

MS. DOUGHERTY: I did.

THE COURT: And did you sign it and initial all the other pages?

MS. DOUGHERTY: I did.

THE COURT: The plea agreement is hereby ordered filed, subject to the acceptance of a plea of guilty.

I want to emphasize to you, Mr. Murray, you can plead not guilty. If you decide to plead not guilty this plea agreement and these proceedings here right now could not

be used against you.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you pled not guilty you would have a right to a speedy and public trial by jury.  In fact, it would take place today, Mr. Murray, and you would have the right at such a trial to the assistance of a lawyer, the right to confront and cross-examine witnesses against you, and you cannot be required to incriminate yourself.

Do you understand these rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you pled not guilty you may not be required to testify, and any such failure to testify at a trial may not be commented upon, nor may the Court or jury draw any inference of any kind from any such failure to testify.

Do you understand this right?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, if you plead guilty you waive all of these rights.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  If I accept your guilty plea there will be no further trial of any kind in this matter, merely a hearing to determine the sentence which will be imposed upon

16

you.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you further understand that if you plead not guilty the United States would have the burden of convincing each and every member of a jury, composed of 12 persons, of your guilt to each and every charge by competent evidence beyond a reasonable doubt?

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, you would have the right to use the power and process of this court to compel the production of any evidence, including the attendance of any witnesses on your behalf, but if the Court accepts your guilty pleas to these various charges you would lose that right.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, if you persist in your desire to plead guilty to these charges the Court may ask you questions, as I told you at the beginning, about the offenses, and your answers, if untrue and under oath in the presence of your lawyer, could be used against you in a prosecution for perjury or false statement if they were untrue.

Do you understand that the Court may question you

Heidi L. Jeffreys, Official Court Reporter

along these lines?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, every person has the right to be free from an unconstitutional search and seizure of evidence by a law enforcement agent if the law enforcement agent conducts an unreasonable search and, therefore, the evidence can be suppressed, under the Constitution.

Do you feel that any of your constitutional rights have been violated in any way in connection with the seizure as a result of any search or detention -- seizure of any physical or tangible evidence relating to your offense by any police or other law enforcement agent, whether federal or state?

Do you feel any of your constitutional rights have been violated in that regard?

THE DEFENDANT:  No, sir.

THE COURT:  Do you feel that any of your constitutional rights have been violated in regard to the taking of any oral or written statement from you by any police, governmental or law enforcement agency or by anyone directly or indirectly having a connection with such agency or a person in such agency?

Did they violate your constitutional rights?

THE DEFENDANT:  No, sir.

THE COURT:  Has anyone, including your attorney or

Heidi L. Jeffreys, Official Court Reporter

18

the United States Attorney, made any promise of leniency or promise of any kind in return for a plea of guilty other than those promises contained in the written plea agreement which has been filed herein?  Any other promises?

THE DEFENDANT:  No, sir.

THE COURT:  Has anyone threatened you in any way or used force against you to induce you to plead guilty to these charges?

THE DEFENDANT:  No, sir.

THE COURT:  Do you understand that any recommendation by the prosecution or any agreement by the prosecution not to oppose your attorney's request for sentence is not binding upon the Court?  The Court will sentence you as outlined before in accordance with Title 18, United States Code, Section 3553 and the various Supreme Court decisions.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you had the opportunity to discuss your case with your attorney, Mr. Taliaferro?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you satisfied that you discussed all the facts in the case with your attorney, Mr. Taliaferro?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you satisfied that Mr. Taliaferro

Heidi L. Jeffreys, Official Court Reporter

has fully considered all the facts and discussed with you any possible defenses that you may have to the charges against you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that should you be sentenced to prison for this crime there's no parole?  Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, the statutes under which you are charged set forth the minimum sentence, in some cases, and the maximum sentence, in other cases, which can be imposed. However, there are sentencing guidelines that have been established which are used in an advisory fashion to determine the actual sentence which will be imposed upon you, somewhere between the minimum and maximum sentence.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you aware that the sentencing guidelines take into account the actual conduct in which you engaged, considers whether there were any victims of your offense, the role that you played, and whether or not you've engaged in any obstruction of justice or have accepted responsibility for your acts?

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

Heidi L. Jeffreys, Official Court Reporter

THE COURT:  Do you understand that your criminal history, or the lack thereof, is an important factor in applying the Advisory Sentencing Guidelines?

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, the Court has the right to depart upwards or downwards from the Advisory Sentencing Guidelines, so long as it is a sentence sufficient but no greater than necessary.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that a presentence report must be prepared by the Probation Office of this court?  This presentence report sets forth your personal history as well as the facts of this case, and until such a report is completed it is impossible for either the Court or for your lawyer to know precisely and exactly what sentence range may be prescribed by the Advisory Sentencing Guidelines.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  This Court will follow the procedures set forth in Title 18, United States Code, Section 3553, when it determines your sentence, but it can do so only after receiving the presentence report, and it may be necessary to

resolve disputed facts contained in the presentence report. The resolution of those facts may affect the application of the sentence advisory guidelines.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you discussed the sentence advisory guidelines with your attorney, Mr. Taliaferro?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has Mr. Taliaferro, your attorney, explained to you the various considerations which go into determining which advisory guideline may be applied in your case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has he explained that to you, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that at this point it is unlikely that he can be specific and exact as to the guideline which will apply in your case because he does not have a copy of the presentence report because it hasn't been prepared yet?  And the sentence advisory guidelines will depend upon that report.  Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that you will not be able to withdraw your pleas of guilty on the ground that your lawyer's prediction as to the advisory sentencing guideline

range proved to be an error or inaccurate in any way?  Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, your plea agreement includes a provision whereby you waive your right to appeal any sentence imposed upon any ground whatsoever so long as that sentence is within the statutory maximums.

Do you understand that you're giving up your right to appeal; that is, that you, by executing the plea agreement and pleading guilty to these counts -- that you will not appeal any sentence imposed by this Court?  Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, merely because -- the plea agreement contains a clause whereby the government claims that it has the right to appeal any sentence imposed, and thereby they're claiming they can appeal any sentence imposed.  I am not passing on such a rule.  This Court has misgivings about what is called a mutuality of remedy in contracts; however, I'm merely stating that for the record because the contract is clear that the government has a right to appeal any sentence imposed, while you do not.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  And I'm telling you for Mr. Taliaferro's

benefit.  Maybe one of these days somebody is going to test that clause.

THE COURT: Mr. Taliaferro, has this defendant been competent and able to cooperate with you in this case?

MR. TALIAFERRO:  Yes, he has.

THE COURT:  Have you discussed all of the facts in this case in detail with this defendant, Mr. Murray?

MR. TALIAFERRO:  I have, yes, sir.

THE COURT:  Are you satisfied that there are no meritorious defenses that this defendant might raise in this case which in your opinion would result in a not guilty verdict to Counts Two, Four, Eight, Nine and Eleven of this indictment, sir?

MR. TALIAFERRO:  Yes, sir.

THE COURT:  Are you satisfied that this defendant's constitutional rights have been observed heretofore in this case?

MR. TALIAFERRO:  Yes, sir.

THE COURT:  Are you satisfied that this defendant, as he stands before the bar today, is not under the influence of any drugs, narcotic, marijuana or alcohol?

MR. TALIAFERRO:  Yes, sir.

THE COURT:  Do you know of any reason of any nature which would prevent this defendant from pleading guilty to these five counts?

MR. TALIAFERRO:  I do not.

THE COURT:  What I'm going to do, Mr. Murray, is to read to you each count and then ask you how you plead.

I want to emphasize you still have the right to plead not guilty.  Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  The indictment is in the United States District Court for the Eastern District of Virginia, Norfolk Division.  United States of America v. Robert Murray.  It's Criminal Action No. 2:11cr24.

(There was a pause in the proceedings.)

THE COURT:  Count Two charges you as follows:

On or about November 22nd, 2010, at a residence on Nansemond Circle, in Norfolk, Virginia, in the Eastern District of Virginia, the defendant, Robert Murray, did knowingly, intentionally and unlawfully manufacture, distribute and possess with intent to manufacture and distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.

To this count, sir, how do you plead?

THE DEFENDANT:  Guilty, sir.

THE COURT:  Are you entering this plea of guilty freely and voluntarily, Mr. Murray?

Heidi L. Jeffreys, Official Court Reporter

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading guilty because you're in fact guilty of the offense in Count Two of this indictment, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Count Four.  On or about November 22nd, 2010, at a residence on Nansemond Circle, in Norfolk, Virginia, in the Eastern District of Virginia, the defendant Robert Murray did knowingly, intentionally and unlawfully possess a firearm in furtherance of and use and carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, including but not limited to one or more of the drug trafficking crimes...

(There was a pause in the proceedings.)

THE COURT:  I'm going to take a recess.  We'll take a five-minute recess at this time.

You may sit back down, Mr. Murray.

Would counsel approach the bench, please?  Actually, we're not taking a recess.  I don't want to look at it in a recess.  We're still in here.  I just want to talk with counsel.

Don't take Mr. Murray out, leave him here.

(A sidebar conference was held.)

THE COURT:  All right.  We'll continue the

Heidi L. Jeffreys, Official Court Reporter

proceedings.  I'm sorry.  I said we would take a recess.

Mr. Murray, in an effort to be completely clear, in this Count Four, carrying a firearm in furtherance of and during and in relation to a drug trafficking crime for which you may be prosecuted in a court of the United States, it says, "...including but not limited to one or more of the drug trafficking crimes."  I want to go to -- discuss it.  It refers to Counts One and Three.

In order, in my opinion -- there may be a requirement that you be guilty of the offense to which you are not pleading guilty, so therefore I'm going to tell you that in my opinion they would have to prove -- this is just my opinion -- either Count One or Count Three of this indictment.  Although they say it's not limited to the drug trafficking crime, but, unfortunately, they mention One to Three.  They don't mention any other drug trafficking crimes, so they would still have to prove, in my opinion, either the elements of Counts One or Three.

My view is that since -- that's not to say that you would be found guilty of it, but a jury would have to find beyond a reasonable doubt that on or about November the 22nd, 2010, at a residence on Nansemond Circle, in Norfolk, Virginia, you did knowingly, intentionally and unlawfully open, rent, use and maintain a place permanently or temporarily for the purpose of manufacturing, distributing

and using a controlled substance.  Now, marijuana is a controlled substance.

In order to find you guilty of Count Four, even though you're not pleading to Count Three, they would have to show the elements contained in Count Three were proven beyond a reasonable doubt to a jury; that is, that you, on or about November the 22nd, 2010, at a residence on Nansemond Circle, in Norfolk, Virginia -- that you knowingly and intentionally did either open, rent, use and maintain a place permanently or temporarily for the purpose of manufacturing, distributing and using a controlled substance.

And then, in addition to proving that, they would have to prove, for you to be guilty of Count Four, that you did knowingly, intentionally and unlawfully possess a firearm in furtherance of and use and carry a firearm during and in relation to a drug trafficking crime for which you may be prosecuted in a court of the United States, including but not limited to one or more of the drug trafficking crimes alleged in Counts One and Three of this indictment.

Now, I'm going to read to you just Count Four, and then I'm going to ask you how you plead, but in my opinion they would have to prove the elements contained in Count Three, which I have just explained to you.

Do you understand that, sir?

THE DEFENDANT:  Yes, sir.

Heidi L. Jeffreys, Official Court Reporter

THE COURT:  On or about November the 22nd, 2010 -- this is Count Four -- at a residence on Nansemond Circle in Norfolk, Virginia, in the Eastern District of Virginia, the defendant Robert Murray, did knowingly, intentionally and unlawfully possess a firearm in furtherance of and use and carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, including but not limited to one or more of the drug trafficking crimes alleged in Counts One and Three of this indictment.

To this count, sir, how do you plead?

THE DEFENDANT:  Guilty, sir.

THE COURT:  Are you entering this plea of guilty freely and voluntarily, Mr. Murray?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading guilty because you're in fact guilty of Count Four of this indictment?

THE DEFENDANT:  Yes, sir.

THE COURT:  Count Eight of this indictment provides as follows:

On or about October the 6th, 2008, the exact date to the Grand Jury being unknown, in the Eastern District of Virginia, the defendant, Robert Murray, did knowingly make any false statement and claim that he was a citizen of the United States in order to register to vote and to vote in any

federal, state and local election, in violation of Title 18, United States Code, Section 1015(f.)

To this Count Eight of the indictment, sir, how do you plead?

THE DEFENDANT:  Guilty, sir.

THE COURT:  Are you entering this plea of guilty freely and voluntarily?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading guilty because you're in fact guilty of the offense with which you are charged in Count Eight?

THE DEFENDANT:  Yes, sir.

THE COURT:  Count Nine.  On or about November the 4th, 2008, in the Eastern District of Virginia, the defendant Robert Murray did knowingly and intentionally vote unlawfully as an alien in an election held solely and in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, member of the Senate and member of the House of Representatives by falsely registering to vote as a citizen of the United States, when he knew then that he was not a citizen of the United States, in violation of Title 18, United States Code, Section 611.

To Count Nine of this indictment, sir, how do you plead?

30

THE DEFENDANT:  Guilty, sir.

THE COURT:  Are you entering this plea of guilty freely and voluntarily, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading guilty because you're in fact guilty of the offense with which you are charged in Count Nine of this indictment, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Count Eleven.  On or about November 5, 2008, the defendant Robert Murray, in the Eastern District of Virginia, did knowingly, falsely and willfully represent himself to be a citizen of the United States, when in truth and in fact he was not then a citizen of the United States, in violation of Title 18, United States Code, Section 911.

To this Count Eleven, sir, how do you plead?

THE DEFENDANT:  Guilty, sir.

THE COURT:  Are you entering this plea of guilty freely and voluntarily, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading guilty to Count Eleven of this indictment because you're in fact guilty of this offense?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  You can have a seat, Mr. Murray.

Heidi L. Jeffreys, Official Court Reporter

Ms. Dougherty, would you be so kind as to read the facts which support the guilty pleas which this defendant has entered?

MS. DOUGHERTY:  Yes, Your Honor.

In the United States District Court for the Eastern District of Virginia, Norfolk Division, United States of America v. Robert Murray, Criminal Case No. 2:11cr24.

Statement of facts.  Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Kevin M. Comstock and V. Kathleen Dougherty, Assistant United States Attorneys, the defendant Robert Murray and the defendant's counsel stipulate that the following facts are true and correct and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

The defendant maintained a residence at 3751 Nansemond Circle, Norfolk, Virginia, in the Eastern District of Virginia, since 2005.  He paid rent monthly at this location, in money orders and cash, and in total paid over $12,000 per year.  Utility bills, the lease for the residence, various pieces of mail, and other evidence connect him to this address.

On October 6, 2008, the defendant registered to vote in the Commonwealth of Virginia.  Not only did the defendant list 3751 Nansemond Circle as his address when he completed his voter registration application, he also claimed he was a

32

United States citizen.  The defendant admits that he is not and has never been a United States citizen but has falsely claimed United States citizenship on this and several other occasions, including three separate Virginia Department of Motor Vehicles driver's license and/or identification card applications, and on various documents submitted to the United States Citizenship and Immigration Services.

After registering to vote the defendant received a Virginia Voter Identification Card with a unique voter identification number, which was mailed to his Nansemond Circle address.  He used this card on November 4th, 2008, when he cast a vote in the federal Presidential, Senatorial and Congressional Election.  On that date the defendant voted at the precinct associated with 3751 Nansemond Circle.

On the day after the election, November 5th, 2008, the defendant used his falsely procured Virginia Voter Identification Card in connection with the purchase of a Smith & Wesson 9mm handgun.  The defendant completed various forms in connection with this firearm purchase, presented his voter registration card as proof of address and listed his address as 3751 Nansemond Circle.  He also falsely claimed again that he was a citizen of the United States in order to procure the firearm.  The firearm transaction was completed on November 11, 2008.

Just over two years later, on November 22nd, 2010,

Heidi L. Jeffreys, Official Court Reporter

officers of the Norfolk Police Department responded to a burglary-in-progress call at 3751 Nansemond Circle.  Upon searching the defendant's residence, officers recovered 70 pounds of marijuana located throughout the home, including marijuana in each bedroom and the attic.  The total value of the marijuana located in the home is approximately $250,000. Additionally, officers recovered $10,000 in drug proceeds, scales, knives and packaging materials.  These items were used by the defendant in opening and maintaining this residence to possess with intent to manufacture (that is, to prepare, process and package) and distribute marijuana.  The defendant admits he used this residence to manufacture, use and distribute marijuana.

Additionally, the defendant carried his falsely procured firearm, with ammunition, to his Nansemond Circle residence in connection with his drug trafficking crimes. Specifically, the defendant possessed the Smith & Wesson 9mm handgun he purchased on November 5th, 2008, in order to further the drug trafficking crimes charged in the indictment.  This firearm was found loaded underneath the couch in the Nansemond Circle residence.

In sum, the defendant admits he has maintained a residence at 3751 Nansemond Circle, Norfolk, Virginia, since 2005, repeatedly and falsely claimed he was a citizen of the United States, falsely registered to vote, falsely voted as

34

an alien in the 2008 Presidential Election, manufactured and distributed marijuana, and carried and used a firearm he falsely purchased to further his drug trafficking crimes.

THE COURT:  Thank you, Ms. Dougherty.

MS. DOUGHERTY:  Thank you, Your Honor.

THE COURT:  Mr. Murray, would you please stand.

You've heard the facts recited.  Are these facts true?

THE DEFENDANT:  Yes, sir.

THE COURT:  If not true, tell me what isn't true. Are they true?

THE DEFENDANT:  It's true, sir.

THE COURT:  All right.  Did you -- has this statement of facts been executed?  Was it signed?

MR. TALIAFERRO:  Yes, sir.

THE COURT:  I don't know if I have it.  Oh, here.

Mr. Pierce, would you be so kind as to hand this written document to Mr. Taliaferro and to Mr. Murray.

Mr. Murray, you've got this document, which is a recital of the very statement of facts -- a copy of the recital that Ms. Dougherty just made.

Did you sign this statement of facts, Mr. Murray?

THE DEFENDANT:  Yes, sir.

THE COURT:  And did you initial the other page?

THE DEFENDANT:  Yes, sir.

Heidi L. Jeffreys, Official Court Reporter

THE COURT:  And would you hand it over to Mr. Taliaferro.

Did you witness Mr. Murray signing this document, Mr. Taliaferro?

MR. TALIAFERRO:  Yes, sir.

THE COURT:  All right.  The statement of facts is hereby ordered filed.

It is the finding of the Court in the case of the United States of America v. Robert Murray that the defendant is fully competent and capable of entering an informed plea to each of these charges and that his plea of guilty to these five counts of the indictment is a knowing and voluntary plea, supported by an independent basis in fact, containing each of the essential elements of the offenses, the five offenses to which he has pled guilty.  The Court accepts the guilty pleas and finds the defendant guilty as to Counts Two, Four, Eight, Nine and Eleven.

Now, Mr. Murray, a written presentence report will be prepared by the Probation Office to assist the Court and your counsel and everyone else in sentencing.  You'll be asked to give information for the report.

Mr. Taliaferro, I require a defense counsel to be present at any interview of the defendant conducted by the Probation Office.  It's not listed in the sentencing procedures order, but I do require that.

I want to advise Mr. Murray before sentencing -- not after sentencing, but before sentencing if the probation officer wants to talk to you, make sure that your lawyer is present -- that is, either Mr. Taliaferro -- and I notice that -- and I haven't said anything about Mr. Swartz being present, but Mr. Swartz has been present throughout the trial. But one of the two of them will have to be present at any interview of you conducted by the probation officer. And you tell the probation officer, "The Court told me not to say anything unless my lawyer was present," up until the time of sentencing. After that they can talk to you all they want without them being present.

You're advised that your attorney has got to read the presentence report. 35 days before sentencing he'll receive a copy of it. Then he'll go over it with you. If you feel there's anything incorrect, bring it to your lawyer's attention. Because then he has to try to resolve any differences with the opposing attorney and with the Probation Office. If he cannot do so then he's got to file certain documentation. In any event, five days -- or seven days before sentencing he must file a position paper with regard to the sentence, and so does the government, Ms. Dougherty.

All of this is set forth in a sentencing procedures order. Now, you'll be given a copy of this order,

Mr. Murray, as well as your attorney, as well as Ms. Dougherty, as well as the probation officer, and you will each be asked to sign a receipt for that order.  And I'm entering it today.  It outlines all of the duties, and therefore you'll know what's required of everyone, and everyone else will know what's required of everyone.

Now, in this procedures order we've set the sentencing for October the 31st, 2011.  Is that agreeable with you, Mr. Taliaferro?

MR. TALIAFERRO:  Yes, sir.

THE COURT:  Is that agreeable with you, Ms. Dougherty?

MS. DOUGHERTY:  Yes, sir.

THE COURT:  You can bring Mr. Comstock along if you like, Ms. Dougherty.

MS. DOUGHERTY:  I think I might, Your Honor.

THE COURT:  All right.  Mr. Pierce, if you would be so kind as to get them to sign a receipt for a copy.

(There was a pause in the proceedings.)

THE COURT:  I'm going to ask everyone to remain seated.  You can have a seat.

Mr. Pierce, I want to bring the jury down.  They can sit anywhere in the courtroom, but I want to explain to them what's happened.

THE CSO:  Yes, sir.

Heidi L. Jeffreys, Official Court Reporter

(The judge addressed the jury panel, and the hearing adjourned at 11:38 a.m.)

CERTIFICATION

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/s

Heidi L. Jeffreys

March 7, 2013

Date

Heidi L. Jeffreys, Official Court Reporter